1  Eric J. Benink, Esq., SBN 187434
   Krause Kalfayan Benink & Slavens, LLP
2  625 Broadway, Suite 635
   San Diego, CA  92101
3  (619) 232-0331 (ph)
   (619) 232-4019 (fax)
4  eric@kkbs-law.com

5  Attorneys for Plaintiff

6

7

8             UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10

11  PERFECT 10, INC., a California       CASE NO.   '11 CV0191 IEG  BLM
    corporation,
12                                       COMPLAINT FOR:
              Plaintiff,
13                                       **(1) COPYRIGHT INFRINGEMENT;**
         v.                              **(2) TRADEMARK INFRINGEMENT**
14                                       **(FEDERAL); (3) TRADEMARK**
                                         **DILUTION (FEDERAL);  (4)**
15  MEGAUPLOAD LIMITED, a Hong           **VIOLATION OF 15 U.S.C. § 1125**
    Kong corporation; KIM SCHMITZ,       **(5) UNFAIR COMPETITION; AND**
16  an individual; and DOES 1 through    **(6) VIOLATION OF RIGHTS OF**
    100, inclusive,                      **PUBLICITY**
17
              Defendants.                **DEMAND FOR JURY TRIAL**
18

19

20

21

22

23

24

25

26

27

28

                          COMPLAINT

Plaintiff Perfect 10, Inc. ("Perfect 10") avers:

## JURISDICTION AND VENU

1.     Jurisdiction.  This action arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and the Lanham Act, 15 U.S.C. § 1051 *et seq.*  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b) and principles of supplemental jurisdiction.

2.     Venue. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (b)(2), (c), and § 1400(a).

3.     Personal Jurisdiction. Personal jurisdiction is proper over the Defendants because the wrongful activity at issue concerns Defendants' operation of commercial businesses through which Defendants knowingly transact business and enter into contracts with individuals in California, including within the County of San Diego.  Specifically, Defendants contract with California customers to sell monthly memberships for their services, and receive much of their revenue directly from Paypal, a corporation with headquarters in San Jose, California.  One of the primary websites through which Defendants conduct their business, megaupload.com, states that its Terms of Service are to be construed in accordance with the laws of California.  Each of the Defendants, therefore, has purposefully availed itself of the privilege of doing business in California and in the United States, and material elements of Defendants' wrongdoing occurred in this State.

## THE PARTIES

4.     Plaintiff Perfect 10 is a California corporation.  Plaintiff published the popular magazine PERFECT 10 and owns and operates the internet website located at perfect10.com.

5.     Defendants Megaupload Limited and Kim Schmitz ("Schmitz") (collectively, "Megaupload") collectively own, operate, and/or control the internet websites located at megaupload.com, megarotic.com, megaporn.com,

1   megavideo.com, and megaclick.com among others, and have various advertising

2   operations, data storage facilities, and other businesses, which among other

3   things, copy, store, distribute, display, and profit from unauthorized copyrighted

4   materials, and induce and assist others to infringe copyrighted materials.

5   Megaupload Limited was formed in Hong Kong.

6          6.   Schmitz is the moving, active, conscious force behind the infringing

7   and illegal activities described herein in that he personally directs, controls,

8   ratifies, and participates in such infringing and illegal activities.  According to

9   *Forbes* magazine, Schmitz has served time in prison for computer hacking and

10  insider trading.

11         7.      The computer servers that host megaupload.com, megarotic,com,

12  megaporn.com, megavideo.com, and megaclick.com are located in Ashburn,

13  Virginia and are managed and operated by Schmitz.   Schmitz was initially listed

14  as the official contact for megaupload.com in Internet Registrar filings but his

15  name was subsequently removed from those filings.

16         8.      Does 1 through 100, inclusive, which are businesses owned or

17  controlled by Megaupload or individuals affiliated with Megaupload, which

18  either directly or indirectly profit from and/or directly or indirectly infringe or

19  facilitate the infringement of Perfect 10 intellectual property, are sued herein

20  under fictitious names because their true names and capacities are unknown to

21  Perfect 10.

22         9.  When Perfect 10 ascertains the Doe Defendants' true names and

23  capacities, it will seek leave to amend this complaint to insert such true names

24  and capacities.  Perfect 10 is informed and believes, and on that basis avers, that

25  each Doe Defendant acted with Defendants and is responsible for the harm and

26  damages to Perfect 10 herein averred.  Each of the Defendants and the Doe

27  Defendants are referred to hereinafter collectively as "Defendants."

28         10.      Perfect 10 is informed and believes, and on that basis avers, that at

1 all times material herein, each of the Defendants was the agent and/or employee

2 of the other Defendants, and, in doing the things herein averred, was acting

3 within the course and scope of such agency and employment.

4       11.    Each of the entity defendants herein is the alter ego of Schmitz in

5 that a unity of interest and ownership exists between he and the corporate

6 entities such that there does not exist a separateness between them and an

7 injustice would result if the acts in question were treated as those of only one of

8 the entities defendants.   Schmitz formed Megaupload for the specific purpose of

9 engaging in the business of illegally storing, displaying, and distributing the

10 intellectual property of others.  On information and belief, Schmitz alone profits

11 from the revenues derived from these entities and neither Megaupload entity

12 pays any taxes in the United States.  Furthermore, neither is registered to

13 conduct business in the United States with any Secretary of State office.   The

14 megaupload.com, megaporn.com, megarotic.com, megavideo.com, and

15 megaclick websites fail to identify a telephone number, or the identities of any

16 officers or directors.

17                 **THE BUSINESS OF PERFECT 10**

18       12.    The business of Perfect 10 consists of the design, creation,

19 production, marketing, promotion, and sale of copyrighted adult entertainment

20 products, including photographs, magazines, video productions, cell phone

21 downloads, and other media.

22       13.    Perfect 10 was the publisher of the well-known magazine

23 PERFECT 10, but was forced to close that magazine because of rampant

24 infringement.

25       14.    Perfect 10 creates or created, and sells or sold, calendars and other

26 merchandise featuring its images, and was involved in the licensing of

27 downloads of images for cell phones, but is not currently earning revenue from

28 that endeavor because of rampant infringement.

15. Perfect 10 owns and operates the internet website perfect10.com. Consumers are provided access to content owned by Perfect 10 and made available by payment of a membership fee of $25.50 per month.

16. Perfect 10's revenues are currently derived predominantly from sales of memberships to its perfect10.com website.  Sales of memberships to the perfect10.com website are made by providing the customer with an individual user name and password to access the website.

17. The Perfect 10 Copyrighted Works:  Perfect 10 owns thousands of valuable and unique copyrighted photographs, as well as video productions and other proprietary materials, some of which are identified in Exhibit 1.   As set forth in Exhibit 1, a substantial number of the copyrighted photographs are registered with the U.S. Copyright Office and others are pending registration. Perfect 10 owns the copyrights in and to these works (the "Perfect 10 Copyrighted Works").  Perfect 10 has invested, and continues to invest, substantial sums of money, time, effort, and creative talent, to make and produce the Perfect 10 Copyrighted Works.  In addition, in order to produce and sell the Perfect 10 Copyrighted Works, Perfect 10 is required to make numerous payments, including but not limited to model fees, photographer fees, location costs, styling costs, make up costs, printing costs, film and processing costs, travel costs, as well as distribution, public relations, legal, and advertising and promotion costs.

18. The Perfect 10 Marks:  Perfect 10 also is the owner of the valuable and well-known Perfect 10 family of trademarks, including but not limited to PERFECT 10, PERFECT10.COM, and P10 (the "Perfect 10 Marks").  These marks are used in commerce by Perfect 10 on and in connection with the sale of its products and services, including PERFECT 10 magazine and perfect10.com. Perfect 10 has spent millions of dollars advertising and promoting the Perfect 10 Marks and Perfect 10 products and services bearing these marks.  Perfect 10 has

1   built and owns the valuable goodwill symbolized by the Perfect 10 Marks.
2   Three of Perfect 10's registered trademarks, registration numbers 2235145,
3   2202643, and 2573998, have become incontestable under Section 15 of the
4   Lanham Act, 15 U.S.C. Section 1065.

5        19.    Goods and services bearing the Perfect 10 Marks have been
6   featured and/or talked about on numerous television and radio shows (including
7   *The Tonight Show, The Sopranos, The Amazing Race, Entourage, The Howard*
8   *Stern Show*, *Dawson's Creek*, *Battledome*, *Fox News*, *Hard Copy*, *Entertainment*
9   *Tonight*, *Extra*, *The Dating Game*, *Temptation Island*, *Monday Night Football*,
10  *Hannity & Colmes*, *The O'Reilly Factor*, *The View*, and *Jenny Jones*), in motion
11  pictures (including *Orphan*, *Superbad*, *Knocked Up*, *Spiderman*, *American Pie*,
12  *Hollow Man*, and *The Way of the Gun*), and in newspapers and periodicals.

13       20.    <u>The Perfect 10 Rights of Publicity</u>:  Perfect 10 contracts with
14  models in connection with its magazine and website.  Perfect 10 secures
15  assignments from some of those models of their rights of publicity (the "Perfect
16  10 Rights of Publicity").  The Perfect 10 Rights of Publicity are valuable
17  because the identities, including the names and likenesses, of these models are
18  well-known and popular and attract/attracted purchasers of PERFECT 10
19  magazine and visitors and subscribers to <u>perfect10.com</u>.

20       21.    The success of Perfect 10's business is almost entirely dependent
21  on its intellectual property rights.  Therefore, the ongoing and massive
22  infringements of Perfect 10's rights, as herein described, is devastating to, and
23  threatens the existence of, Perfect 10's business.

24                      **THE BUSINESS OF MEGAUPLOAD**

25       22.    Megaupload operates the internet websites megaupload.com,
26  megaporn.com, megarotic.com, megavideo.com, and megaclick.com, among
27  others, which are accessible throughout the United States and the world.
28  Megaupload.com, megaporn.com, megarotic.com, and megavideo.com are pirate

websites that sell access to large amounts of unauthorized intellectual property to the public without paying the rightful owners of that property.  Megaupload and its users upload copyrighted and trademarked intellectual property (movies, songs, software, pictures, etc.) to its computer servers.  In the case of megaupload.com, after a file is uploaded, Megaupload provides to its users a unique Uniform Resource Locator ("URL") which allows its users to view or download the file from the website.  The URL's are disseminated throughout the internet by Megaupload and its users, which enable anyone with the URL to access, copy, and download the intellectual property from Megaupload's servers. In order to view, copy, or download such files from the megaupload websites without waiting, the customer must purchase a membership fee, for as little as €9.99 per month.   Megaupload stores billions of dollars of pirated full-length movies, songs, software, and images on its servers.  It copies, distributes, and sells such pirated materials to hundreds of thousands of consumers, without permission and without compensating the rightful owners of those materials.

23.    Megaupload is aware that its websites are being used as a vehicle to illegally copy and distribute large amounts of infringing materials.  Indeed, megaupload.com has become among the hundred most popular websites on the Internet, with a reported  45 million unique visitors per day.  Because it charges membership fees for immediate access to the copyrighted materials stored on its servers, it is a distributor and seller of pirated materials.

24.    In addition to its direct infringements as discussed above, Megaupload encourages, facilitates, induces, and materially contributes to the infringements of its users through its Rewards Programs.  Megavideo.com and megaporn.com have a rewards program called the "Megaporn Rewards program."  Megaupload.com has a rewards program which it runs in a similar fashion.  Megaupload.com states with regard to its Rewards Program: "The more downloads your files get, the more you can earn through our

Megaupload Rewards program."  "Every qualifying download of one of your files will earn you a reward point.  When you have reached a certain number of points, you can redeem them for premium status or even cash."  "There is no limit!  And even better: The more downloads your files get, the more you can earn through our Megaupload Rewards program."

Megaupload offers $10,000 USD for 5,000,000 reward points.

25.     In other words, Megaupload induces its customers to post content that is likely to be massively downloaded, such as high quality infringing nude images and popular full length movies and songs.  Such activity very substantially damages copyright holders, as Megaupload does not pay them for their works.

26.     Numerous affiliate websites operated by Megaupload customers have received substantial payouts from Megaupload for posting URLs of pirated materials stored on Megaupload's servers.  For example, the website, Megaupload.net provides a search engine to search for specific types of files (e.g. Perfect 10 images, Frank Sinatra songs, the movie Avatar, etc.)  The search engine provides URLs to Megaupload's website responsive to the search request.  Thus, the person performing the search is directed to Megaupload's website and is offered an opportunity to purchase a membership.  Some of the affiliates display samples of the infringing materials directly from the affiliate website.  Megaclick.com places ads on, receives traffic from, and promotes, infringing websites.

27.     Megaupload is not a legitimate file storage company and has none of the characteristics.  Its megaporn.com website is a pornographic website which shows images of sexual intercourse on its tour pages to visitors of any age.  A site similar in operation to Megaupload.com was recently characterized by the Congressional anti-piracy caucus as one of the six worst infringing websites in the world.  Pirate websites such as megaupload.com, which

1  obviously infringe massive quantities of movies, songs, images, and other

2  extremely valuable copyrighted works, and directly profit from the infringing

3  activity over which they have complete control, were never meant to be eligible

4  to receive a DMCA safe harbor.  Furthermore, none of the five Megaupload

5  websites listed above, including megaupload.com, identify the name, address, or

6  phone number of their respective DMCA agents as required by 17 U.S.C. §

7  512(c)(2).

8      28.    Among the materials that Megaupload illegally stores, copies,

9  distributes, sells, and displays, are thousands of Perfect 10 copyrighted images,

10  Perfect 10 videos, and materials that infringe upon Perfect 10 trademarks, and

11  rights of publicity.

12      29.    The five Megaupload websites listed above, including

13  megaupload.com, are hosted by Carpathia Hosting, Inc. in Ashburn VA.

14      30.    All of the Perfect 10 Copyrighted Works which Megaupload and its

15  affiliates provide to consumers are used without authorization.  Megaupload

16  engages in and facilitates the massive and ongoing violations of Perfect 10's

17  rights even though Megaupload is aware that Perfect 10 never authorized or

18  consented to the use by Megaupload of the Perfect 10 Copyrighted Works, the

19  Perfect 10 Marks, or the Perfect 10 Rights of Publicity.  Megaupload is aware of

20  the lack of Perfect 10's authorization and consent for the following reasons,

21  among others:

22      (a)    *First*, between July 23, 2010 and August 8, 2010, Perfect 10

23  sent to Megaupload 22 notices notifying Megaupload that it was infringing a

24  vast collection of third party copyright works, Perfect 10 rights of publicity, and

25  Perfect 10 copyrighted works.  As far as Perfect 10 can determine, most of these

26  identified infringing works have not been removed.

27      (b)    *Second*, Megaupload has offered complete electronic copies

28  of Perfect 10 magazine, as well as Perfect 10 Images that contain obvious

Perfect 10 copyright notices, along with files that are labeled "Perfect 10" or Perfect-10.

(c)     *Third,* upon information and belief, Megaupload does not own anything that it sells access to.  Whether or not someone else uploaded the copyrighted material to Megaupload servers does not give Megaupload the right to make copies of, distribute, display, or sell access to those works.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement)

### Against All Defendants

31.     Perfect 10 re-avers and incorporates herein by reference each and every averment of paragraphs 1 through 30 above as though fully set forth herein.

32.     Perfect 10 is the owner of all right, title, and interest to each of the Perfect 10 Copyrighted Works.  Perfect 10 has registered its works with the United States Copyright Office.  Perfect 10 has been issued United States copyright certificates some of which are listed on Exhibit 1, attached hereto.

33.     Each of the Perfect 10 Copyrighted Works consists of material original with Perfect 10 and each is copyrightable subject matter.

34.     Defendants have copied, reproduced, distributed, adapted, and/or publicly displayed the Perfect 10 Copyrighted Works without the consent or authority of Perfect 10, thereby directly infringing Perfect 10's copyrights.

35.     Defendants' conduct constitutes infringement of Perfect 10's copyrights and exclusive rights under copyright in the Perfect 10 Copyrighted Works in violation of Sections 106 and 501, et. seq. of the United States Copyright Act, 17 U.S.C. §§ 106 and 501.

36.     Defendants have induced, caused, and/or materially contributed to unauthorized copying, reproduction, adaptation, public display, and/or distribution of the Perfect 10 Copyrighted Works.

37.     Defendants' conduct constitutes contributory infringement of Perfect 10's copyrights and exclusive rights under copyright in the Perfect 10 Copyrighted Works.

38.     Defendants have directly profited from the infringement of Perfect 10's copyrighted works, and possess the right and ability to supervise their directly infringing affiliates who provide them with customers by offering their visitors Perfect 10 images, and suggest that the full set is available through the Megaupload websites.

39.     Defendants' conduct constitutes vicarious infringement of Perfect 10's copyrights and exclusive rights under copyright in the Perfect 10 Copyrighted Works.

40.     The infringement of Perfect 10's rights in and to each of the Perfect 10 Copyrighted Works constitutes a separate and distinct act of infringement.

41.     The acts of infringement by Defendants have been willful, intentional, and purposeful, in reckless disregard of and with indifference to the rights of Perfect 10.

42.     As a direct and proximate result of the infringements by Defendants of Perfect 10's copyrights and exclusive rights under copyright in the Perfect 10 Copyrighted Works, Perfect 10 is entitled to its actual damages and  Defendants' profits pursuant to 17 U.S.C. § 504(b).

43.     Alternatively, Perfect 10 is entitled to statutory damages, pursuant to 17 U.S.C. § 504(c).

44.     Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause, Perfect 10 great and irreparable injury that cannot fully be compensated in money.  Perfect 10 has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Perfect 10 is entitled to injunctive relief prohibiting further infringements of Perfect 10's copyrights.

45.     Perfect 10 further is entitled to its attorneys' fees and costs pursuant

1  to 17 U.S.C. § 505.

2                    **SECOND CLAIM FOR RELIEF**

3                      **(Trademark Infringement)**

4                        **Against All Defendants**

5         46.    Perfect 10 re-avers and incorporates herein by reference each and

6  every averment of paragraphs 1 through 45 above as though fully set forth

7  herein.

8         47.    Perfect 10 is the owner of the Perfect 10 Marks, including the

9  registered trademark/service marks PERFECT 10, PERFECT10.COM, and P10.

10 The United States trademark/service mark registrations for PERFECT 10,

11 PERFECT10.COM, and P10 include Registration Nos. 2,202,643, 2,235,145,

12 2,573,998, 2,709,583, and 3,094,437  for, among other goods and services,

13 entertainment services in the nature of adult entertainment and beauty contests

14 provided via a global computer network; entertainment services in the nature of

15 beauty contests; and magazines featuring adult entertainment, beauty contests,

16 pictures of female models, interviews, fiction, and articles on human relations,

17 sports, entertainment, lifestyles, fitness, and calendars and unmounted

18 photographs.

19        48.    The Perfect 10 Marks have been continuously used in commerce by

20 Perfect 10 and its predecessors, and are widely known throughout the United

21 States.  Three of Perfect 10's registered trademarks, registration numbers

22 2235145, 2202643, and 2573998 have become incontestable under Section 15 of

23 the Lanham Act, 15 U.S.C. Section 1065.

24        49.    Perfect 10 has spent millions of dollars promoting and advertising

25 the Perfect 10 Marks and products and services bearing the Perfect 10 Marks,

26 and has marketed and sold millions of dollars of products and services under the

27 Perfect 10 Marks.

28        50.    As a direct result of the aforementioned use, promotion, and

1   advertisement of the Perfect 10 Marks, Perfect 10 has built up and now owns

2   valuable goodwill symbolized by the Perfect 10 Marks.

3       51.     As a direct result of the care and skill exercised by Perfect 10 over

4   the nature and quality of goods and services sold under the Perfect 10 Marks and

5   the extensive promotion, advertising, sale, and public acceptance thereof, the

6   Perfect 10 Marks have become known as a symbol of the goodwill that Perfect

7   10 has created throughout the United States and elsewhere by selling products

8   and services of high quality and by fairly and honorably dealing with the trade

9   and public in the sale of these products and services.

10      52.     Defendants' conduct, as averred herein, including using and

11  reproducing the Perfect 10 Marks in commerce in connection with the sale,

12  offering for sale, and advertising of goods and services on Megaupload websites

13  and by Affiliated Infringing Websites, for the purpose or with the effect of

14  directing consumers who are searching for authorized Perfect 10 products and

15  services to the Affiliated Infringing Websites and to Megaupload, constitutes

16  infringement of the Perfect 10 Marks in violation of Sections 32 and 43 of the

17  Lanham Act, 15 U.S.C. §§ 1114 and 1125.

18      53.     Defendants' conduct constitutes contributory infringement of the

19  Perfect 10 Marks.

20      54.     Defendants' conduct constitutes vicarious infringement of the

21  Perfect 10 Marks.

22      55.     Defendants' conduct has been and is willful and deliberate.

23      56.     Perfect 10 is entitled to recover all damages sustained as a result of

24  Defendants' unlawful conduct, including (a) Defendants' profits, (b) Perfect 10's

25  damages, (c) treble those amounts, (d) costs of suit, and (e) reasonable attorneys'

26  fees.

27      57.     Defendants' conduct is causing and, unless enjoined and restrained

28  by this Court, will continue to cause, Perfect 10 great and irreparable injury that

---

12

COMPLAINT

1   cannot fully be compensated in money.  Perfect 10 has no adequate remedy at

2   law.  Perfect 10 is entitled to injunctive relief prohibiting further infringements

3   of the Perfect 10 Marks.

4                    **THIRD CLAIM FOR RELIEF**

5                       **(Trademark Dilution)**

6                     **Against All Defendants**

7       58.    Perfect 10 re-avers and incorporates herein by reference each and

8   every averment of paragraphs 1 through 57 above as though fully set forth

9   herein.

10      59.    The Perfect 10 Marks have become and at all relevant times have

11   been "famous" within the meaning of 15 U.S.C. § 1125(c).

12      60.    The Affiliated Infringing Websites typically intermingle Perfect

13   10's high-quality images with images of poor quality or of an offensive or illegal

14   nature.  The acts of Defendants averred herein have lessened the capacity of the

15   Perfect 10 Marks to identify and distinguish Perfect 10's services and products

16   from those of the Affiliated Infringing Websites, have tarnished the valuable

17   image and reputation associated with the Perfect 10 Marks, and have created an

18   undesirable, unwholesome, or unsavory mental association with Perfect 10 and

19   the Perfect 10 Marks, damaging Perfect 10's goodwill and disparaging Perfect

20   10's rights in the Perfect 10 Marks.  Defendants' acts and conduct are in

21   violation of 15 U.S.C. § 1125(c).  Defendants have willfully intended to trade on

22   Perfect 10's reputation and/or to cause dilution of the Perfect 10 Marks.

23   Accordingly, Perfect 10 is entitled to recover all damages sustained as a result of

24   Defendants' unlawful conduct, including (a) Defendants' profits, (b)  Perfect

25   10's damages, (c) treble those amounts, (d) costs of suit, and (e) reasonable

26   attorneys' fees.

27      61.    Defendants' conduct is causing and, unless enjoined and restrained

28   by this Court, will continue to cause, Perfect 10 great and irreparable injury that

---

1    cannot fully be compensated in money.  Perfect 10 has no adequate remedy at

2    law.  Perfect 10 is entitled to injunctive relief prohibiting further dilution and

3    disparagement of the Perfect 10 Marks.

4                         **FOURTH CLAIM FOR RELIEF**

5                     **(Violation of 15 U.S.C. § 1125 *et seq.*)**

6                          **Against All Defendants**

7         62.    Perfect 10 re-avers and incorporates herein by reference each and

8    every averment of paragraphs 1 through 61 as though fully set forth herein.

9         63.    Without authorization or license, Defendants haves commercially

10   exploited and used millions of marketable adult-oriented photographs and

11   likenesses, which range from the most tame to the most explicit.  Through these

12   photographs, which make Defendants content providers for adult photographs of

13   every type and quality, as well as the use of the names of the persons depicted,

14   Defendants are unlawfully exploiting the publicity rights and trademark rights of

15   Perfect 10, as well as the publicity rights, and trademark rights of third-parties.

16   Defendants are also selling without authorization, in competition with Perfect

17   10, billions of dollars in stolen songs, full-length movies, and even computer

18   software.  This conduct enables Defendants to compete directly and unfairly

19   with Perfect 10 by, among other things, offering for free millions of valuable

20   photographs and likenesses, and thousands of songs, and full length movies, as

21   well as computer software that are not lawfully available to Perfect 10 or other

22   competitors acting lawfully.

23        64.    On information and belief, Defendants further engage in unfair

24   competition by commercially exploiting, through third-party affiliate websites,

25   Perfect 10 and third-party rights, including by placing ads next to Perfect 10

26   images on said websites.

27        65.    In connection with their third-party relationships, Defendants direct

28   and/or permit Megaupload download links offering tens of thousands of Perfect

COMPLAINT

10 copyrighted images, as well as Perfect 10 videos, to be juxtaposed on Megaupload affiliated websites, next to photographs and likenesses of Perfect 10 models and other models or celebrities.

66. Defendants are infringing and diluting Perfect 10's and other parties' trademarks, as alleged herein.

67. All of the above is causing direct injury to Perfect 10's business. Perfect 10 has suffered injury in fact and has lost money and property as a result of such unfair competition.

68. Perfect 10 is entitled to recover all damages sustained as a result of Megaupload's unlawful conduct, including (a) Defendants' profits, (b) Perfect 10's damages, (c) treble those amounts, (d) costs of suit, and (e) reasonable attorneys' fees. In undertaking the conduct alleged above, Defendants acted with oppression, fraud, and malice, with the intent to cause injury to Perfect 10, with the intent to deprive Perfect 10 of its property and legal rights, and with full knowledge of the wrongfulness of Defendants' conduct. Defendants' conduct was undertaken with a willful and conscious disregard of the rights of Perfect 10 and subjected Perfect 10 to cruel and unjust hardship. Therefore, Perfect 10 is entitled to an award of punitive damages for the sake of example and to punish Defendants, in an amount to be determined at trial.

69. Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause, Perfect 10 great and irreparable injury that cannot fully be compensated or measured in money. Perfect 10 has no adequate remedy at law. Perfect 10 is entitled to injunctive relief prohibiting further such unfair competition.

**FIFTH CLAIM FOR RELIEF**

**(Violation of California Unfair Competition Law**

**– Cal. Bus. & Prof. Code §§ 17200, et seq.)**

**Against All Defendants**

70.     Perfect 10 re-evers and incorporates herein by reference each and every averment of paragraphs 1 through 30 and 46 through 69 above as though fully set forth herein.

71.     Without authorization or license, Defendants have commercially exploited and used millions of marketable adult-oriented photographs and likenesses, which range from tame to explicit.  Through these photographs, which make Defendants content providers for adult photographs of every type and quality, as well as the use of the names of the persons depicted, Defendants are unlawfully exploiting the publicity rights and trademark rights of Perfect 10, as well as the intellectual property rights of third-parties.  Defendants are also selling without authorization, in competition with Perfect 10, billions of dollars in stolen songs, full-length movies, and even computer software.  This conduct enables Defendants to compete directly and unfairly with Perfect 10 by, among other things, offering for free millions of valuable photographs and likenesses, and thousands of songs, and full length movies, as well as computer software that are not lawfully available to Perfect 10 or other competitors acting lawfully.

72.     Defendants further engage in unfair competition by commercially exploiting, through their affiliate programs, Perfect 10 and third-party rights.

73.     In connection with its affiliate program, Defendants direct and/or permit Megaupload download links offering thousands of Perfect 10 copyrighted images, as well as Perfect 10 videos, to be juxtaposed on Megaupload affiliated websites, next to photographs and likenesses of Perfect 10 models and other models or celebrities.

74.     Megaupload is infringing and diluting Perfect 10's and other

---

COMPLAINT

parties' trademarks, as alleged herein.

75.    Defendants' acts and practices alleged herein constitute unfair, unlawful, and fraudulent business acts and practices within the meaning of California Bus. & Prof. Code §§ 17200, et. seq.

76.    Defendants engaged in unfair business acts and practices in that the harm caused by its conduct outweighs any utility of such conduct and such conduct offends public policy, is immoral, unscrupulous, unethical, deceitful and offensive, and cause substantial injury to Perfect 10.

77.    All of the above is causing direct injury to Perfect 10's business. Perfect 10 has suffered injury in fact and has lost money and property as a result of such unfair competition.

78.    Perfect 10 seeks an injunction prohibiting Megaupload from further engaging in such unfair business acts and practices and for an order of restitution and/or disgorgement.

## SIXTH CLAIM FOR RELIEF

### (Violation of Rights of Publicity –

### Cal. Civ. Code § 3344 and Common-law Right of Publicity)

### Against All Defendants

79.    Perfect 10 re-avers and incorporates herein by reference each and every averment of paragraphs 1 through 30 and 46 through 69 above as though fully set forth herein.

80.    Perfect 10 is the owner of the Perfect 10 Rights of Publicity, as the assignee of publicity rights, including in the names, photographs, and likenesses, of certain Perfect 10 models ("the Perfect 10 Rights of Publicity").  Largely as a result of the efforts and expenditures of Perfect 10, the names, photographs, and likenesses of these Perfect 10 models have received widespread recognition, particularly among the consumers and potential consumers of adult entertainment products.

81. Defendants have infringed the Perfect 10 Rights of Publicity in at least three ways, by selling Perfect 10 images for which Perfect 10 has been assigned rights of publicity, by selling non-Perfect 10 copyrighted images for which Perfect 10 has been assigned rights of publicity, and by partnering with affiliate sites that violate Perfect 10 rights of publicity.  Defendants have knowingly used the Perfect 10 Rights of Publicity, without the prior consent of Perfect 10 or any authorized party.

82. By reason of Defendants' acts and conduct, Perfect 10 has suffered substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and a dilution of the value of its exclusive rights of publicity, all of which are not yet fully ascertainable.  Perfect 10 is entitled to recover (a) its actual damages, (b) profits of the infringer, (c) statutory damages, (d) punitive damages, and (e) attorneys' fees and costs.

83. Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Perfect 10 great and irreparable injury that cannot fully be compensated in money.  Perfect 10 has no adequate remedy at law.  Perfect 10 is entitled to injunctive relief prohibiting further infringements of its rights of publicity.

84. Perfect 10 is informed and believes, and on that basis avers, that the aforementioned acts of Defendants were willful, oppressive, fraudulent, or malicious, and Perfect 10 therefore is entitled to punitive damages.

85. Perfect 10 further is entitled to its attorneys' fees and statutory damages pursuant to California Civil Code § 3344(a) and other laws.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Perfect 10 prays for judgment against Defendants, and each of the Doe Defendants, jointly and severally, as follows:

1.     That Defendants and their officers, agents, servants, employees, representatives, successors, and assigns, and all persons in active concert or participation with them, be temporarily, preliminarily and permanently enjoined from:

a.     copying, reproducing, distributing, adapting, or publicly displaying the Perfect 10 Copyrighted Works;

b.     posting Perfect 10 copyrighted photographs on the internet;

c.     using, authorizing the use of, copying, reproducing or imitating the Perfect 10 Marks, or any confusingly similar or colorable imitation thereof;

d.     violating the Perfect 10 Rights of Publicity;

e.     competing unfairly with Perfect 10 by violating the publicity rights of Perfect 10 and others, and by infringing trademark rights; and

f.     inducing, causing, materially contributing to, and profiting from the foregoing acts committed by others.

2.     That Defendants be ordered to destroy all photographs, documents, and other items, electronic or otherwise, in its possession, custody, or control, that infringe the copyrights, trademarks, or rights of publicity of Perfect 10.

3.     That Defendants be ordered to remove all links between its website and all Affiliated Infringing Websites.

4.     For an order of restitution and/or disgorgement in the amount of the benefit to Defendants by reason of their unlawful conduct, in an amount to be proven at trial, but not less than $5 million

5.     For Perfect 10's actual damages, in an amount to be proven at trial,

1    but not less than $5 million.

2        6.      For a full accounting of all profits, income, receipts, or other

3    benefits derived by Defendants as a result of its unlawful conduct.

4        7.      For statutory damages under the Copyright Act, in an amount to be

5    proven at trial, but not less than $5 million.

6        8.      For treble damages under the Lanham Act, in an amount to be

7    proven at trial, but not less than $5 million.

8        9.      For statutory damages under California Civil Code Section 3344, in

9    an amount to be proven at trial, but not less than $5 million.

10       10.     For the imposition of a constructive trust.

11       11.     For punitive damages.

12       12.     For attorneys' fees and full costs.

13

14       13.     For such other and further relief as this Court deems just and

15   appropriate.

16
     Dated:  January 31, 2011            KRAUSE KALFAYAN BENINK &
17                                       SLAVENS, LLP.

18
                                         By: /s/ Eric J. Benink
19                                           Eric J. Benink
20                                           Attorneys for Plaintiff

21

22

23

24

25

26

27

28

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2        Perfect 10 hereby demands a jury trial pursuant to Rule 38(b) of the

3   Federal Rules of Civil Procedure.

4

5   Dated:  January 31, 2011           KRAUSE KALFAYAN BENINK &
                                       SLAVENS, LLP
6

7                                      By: */s/ Eric J. Benink*_____
8                                         Eric J. Benink
                                          Attorney for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Perfect 10, Inc., a California corporation

**(b)** County of Residence of First Listed Plaintiff   Los Angeles
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
KRAUSE KALFAYAN BENINK & SLAVENS, LLP
625 Broadway, Ste. 635, San Diego, CA 92101; (619) 232-0331

**DEFENDANTS**
MEGAUPLOAD LIMITED, a Hong Kong Corporation;
KIM SCHMITZ, an individual; and DOES 1 through
100, inclusive,

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)   '11CV0191 IEG  BLM

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
17 U.S.C. § 101, et seq.
Brief description of cause:
Copyright Infringement.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $  5,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**  (See instructions):  JUDGE _____   DOCKET NUMBER _____

DATE   January 31, 2011

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____